**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JOSE MATILDE MONDRAGON SOLIS, | § |
| No. 26777-077, | § |
|     Defendant-Movant, | § |
| | § |
| v. | § No.  3:03-CR-0148-L |
| | §(No.  3:05-CV-0583-L) |
| UNITED STATES OF AMERICA, | § |
|     Plaintiff-Respondent. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type Case:  This is a motion to set aside, vacate or correct sentence filed pursuant to 28 U.S.C. § 2255.

    Parties: Jose Matilde Mondragon Solis("Movant" or "Solis") is a federal prisoner currently confined at Cornell Corrections Corporation in Big Spring, Texas.  Process has not been issued in this case.

    Statement of the Case: Movant plead guilty to illegal reentry after removal from the United States on June 6, 2003.  He was sentenced on August 18, 2003 to 60 months in the penitentiary and three years of supervised release. Movant did not appeal his conviction.

    On March 18, 2005 Movant filed the instant motion to vacate under 28 U.S.C. § 2255. On March 31, 2005, this court issued an order for Movant to show cause why his claim is not barred by the one year statute of limitations.  On April 13, 2005, Movant filed a response to this

1

order.

Findings and Conclusions: In his response to the show cause order Solis argues that he is entitled to seek relief in a § 2255 motion without regard to the date on which his conviction became final.  This argument is frivolous and is in direct conflict with the express language of §2255 which limits the time in which such a motion may be filed.  The pertinent language of 28 U.S.C. § 2255 states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

However, it also appears that Movant also contends that his motion is timely filed under §2255(3) because his motion is based on new law handed down by the Supreme Court in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005).  Because neither the Supreme Court nor the Fifth Circuit has held that the *Booker* decision applies retroactively to cases on collateral review, Solis's motion does not come within the purview of the exception set out in Subpt.3 of § 2255, as set out *supra*.[1]

---

[1] The Magistrate Judge expresses no opinion on the merits of any § 2255 motion which may be subsequently filed by Solis in the event that at some time in the future *Booker* is found to be retroactively applicable to collateral proceedings.  However, it is noted that in *Dodd v. United States*, __ U.S. __, 125 S.Ct. 2478 (2005), the United States Supreme Court held that the

2

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's motion be dismissed as being time-barred.

A copy of this recommendation shall be transmitted to Movant.

**SIGNED** this 1st day of July, 2005.

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

one year limitations period runs from the date on which the Supreme Court initially recognized the right asserted rather than the date on which it was first recognized as being applicable retroactively to cases on collateral review.

3